NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TYE PALONEN, an individual,

Plaintiff - Appellant,

v.

MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability Company;
DOES, 1 through 10, inclusive,

Defendants - Appellees.

No. 24-5136

D.C. No.
2:23-cv-00023-DMG-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 20, 2025[**]
Pasadena, California

Before: WARDLAW, N.R. SMITH, and MILLER, Circuit Judges.

Tye Palonen appeals the district court's dismissal of his Song-Beverly Act

claims against Mercedes-Benz USA, LLC under Rule 12(b)(6) of the Federal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rules of Civil Procedure.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse and remand for further proceedings on the breach of express warranty claim.

The district court erred in concluding that Palonen's vehicle did not qualify as a "new motor vehicle" under the Song-Beverly Act, California Civil Code §§ 1793.2(d)(2), 1793.22(e)(2).  The Song-Beverly Act provides buyers and lessees of a "new motor vehicle" with a "refund-or-replace" remedy if the manufacturer breaches an express warranty and is unable to repair the vehicle after a reasonable number of attempts.  Cal. Civ. Code §§ 1793.2(d)(2), 1793.22(e)(2); *Rodriguez v. FCA US LLC*, 17 Cal. 5th 189, 195 (2024).  In *Rodriguez*, the California Supreme Court clarified that "demonstrators and dealer-owned vehicles" are "vehicles for which a new car warranty [is] *issued with* the sale," 17 Cal. 5th at 198, regardless of whether that warranty is a full warranty or merely the remaining balance of the manufacturer's warranty.  *See id.* at 199 ("[A]lthough demonstrators and dealer-owned vehicles are not truly 'new,' the statutory definition of 'new motor vehicle' makes an exception for them."); *see also Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("In construing a state law, we follow the decisions of the state's highest court." (citation omitted)).  Because Palonen alleged that the vehicle was dealer-owned, and that it was leased with the remaining portion of a new vehicle warranty, he

adequately alleged that the vehicle qualified as a "new motor vehicle" under the statute.  *See Rodriguez*, 17 Cal. 5th at 198–99.  The district court therefore erred in dismissing the express warranty claim based on its conclusion that Palonen had not adequately alleged that he leased a "new motor vehicle."[1]

Palonen has forfeited any challenge to the dismissal of his claims for breach of the implied warranty of merchantability and violation of the 30-day repair requirement under California Civil Code § 1793.2(b) by failing to raise those claims in his opening brief.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  We therefore reverse and remand only on the breach of express warranty claim.

**REVERSED AND REMANDED.**

---

[1] In light of this holding, the district court also erred in concluding that Palonen failed to allege the terms of the warranty.  Because Palonen adequately alleged that the car was a "new motor vehicle," he adequately alleged that it was sold with a new car warranty.  *See Rodriguez*, 17 Cal. 5th at 199.  Moreover, Palonen's first amended complaint alleged the terms of the warranty.  On remand, the district court is directed to permit Palonen to proceed on his express warranty claim.

24-5136